## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSE RIVERA GARCIA, | ) | |
| a/k/a Johnny a/k/a Bladimir | ) | |
| Riascos Arbodela, | ) | |
|    Petitioner, | ) | |
| | ) | CIVIL ACTION NO. 15-00141-CG |
| v. | ) | |
| | ) | CRIMINAL ACTION NO. 04-147-CG-N |
| UNITED STATES OF AMERICA, | ) | |
|    Respondent. | ) | |

## REPORT AND RECOMMENDATION

Jose Rivera Garcia a/k/a Johnny a/k/a Bladimir Riascos Arbodela ("Garcia"), proceeding *pro se*, has filed a document dated March 3, 2015, styled "Motion under 28 U.S.C. § 455 to Strike and Dismiss the Supervision Conditions of Violation Pursuant to Mandatory Condition by Admitted to a Violation; and to be Eligible Under Section 212(c); Motion for Disposition under Rule 27-2, for the Court to Reconsider and Modify an Order to Dismiss Thirty-Three (33) Months Sentence that was Run Consecutively on a Violation of Supervision Condition" (Doc. 100[1]).[2] Having considered the motion, and liberally construing the allegations therein, the undersigned finds that it is, in substance, both a motion to vacate, amend, or set aside sentence brought under 28 U.S.C. § 2255 and a motion to enforce Garcia's plea agreement. *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam) ("[F]ederal courts must look beyond the labels of motions filed by pro se

---

[1] All docket citations (Doc. __) herein refer to the docket of the above-styled criminal action.

[2] Garcia has filed the same motion in SD ALA Criminal Action No. 1:10-cr-179-CG-N-1 (there, Doc. 165), where Garcia is identified as "Bladimir Riascos Arbodela a/k/a Wigberto Lebron Ortiz a/k/a Johnny a/k/a Jose Luis Rivera Garcia."

inmates to interpret them under whatever statute would provide relief." (citing *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.")))

This matter has been referred to the undersigned Magistrate Judge for the holding of an evidentiary hearing, if necessary, and for entry of a report and recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and SD ALA LR 72.1(c). Upon consideration, and for the reasons stated herein, the undersigned will **RECOMMEND** that the March 3, 2015 motion (Doc. 100) be **DISMISSED without prejudice** for lack of jurisdiction to the extent it is a § 2255 motion challenging his underlying conviction and sentence, and that it be otherwise **DENIED**.

## I.    Background

Pursuant to a written plea agreement, Garcia pled guilty to one count of conspiracy, in violation of 21 U.S.C. § 846, and on June 7, 2005, was sentenced to 72 months imprisonment and 5 years of supervised release, with conditions. (*See* Doc. 59). No direct appeal was taken. On a motion of the Government, based on Garcia providing substantial assistance (Doc. 63), Garcia's term of imprisonment was subsequently reduced to 60 months. (Doc. 64).

2

On May 29, 2006 (the date Garcia represented it was delivered to prison officials for mailing), Garcia filed his first § 2255 motion (Doc. 65) challenging the judgment against him in the above-styled criminal action.  On November 16, 2009, the Court denied Garcia's first § 2255 motion on the merits.  (Doc. 81).  Garcia did not appeal this ruling.

On July 29, 2010, Garcia was charged with various new drug offenses (SD ALA Case No. 1:10-cr-179-CG-N-1).   On December 22, 2011, upon Garcia's admission of guilt to violating his supervision conditions (including incurring new criminal offenses in Case No. 1:10-cr-179-CG-N-1), the Court revoked Garcia's supervised release and sentenced him to 33 months imprisonment, "to run consecutively to the term of imprisonment imposed in 1:10-cr-179-001."  (Doc. 99).  Garcia did not appeal his revocation judgment.

On March 3, 2015 (the date Garcia certifies it was delivered to prison officials for mailing), Garcia filed the present motion (Doc. 100), which, liberally construing the allegations, appears, in addition to attacking his conviction and sentence in SD ALA Criminal Action No. 1:10-cr-179-CG-N-1, to attack the judgment against him in this criminal action.  Garcia asserts that Latisha Colvin of the Federal Defender's Office for this District, Garcia's appointed counsel for the revocation proceedings in this action, as well as the charges against him in SD ALA Criminal Action No. 1:10-cr-179-CG-N-1, was ineffective under *Padilla v. Kentucky*, 559 U.S. 356 (2010), for failing to advise him of the deportation risk he faced in entering a plea of guilty and to take other measures to protect him against possible deportation.  The motion also

makes passing reference to *Missouri v. Frye*, 132 S. Ct. 1399 (2012), *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Finally, Arbodela requests that the Court order the Government, [ICE] "Senior Special Agent Melvin Howard and Group Supervisor Blaine C. Crum and U.S. Attorney Kenyen R. Brown and U.S. Assistant Attorney Gloria A. Bedwell … to grant Mr. Arbodela a S Non-immigrant Visa and Mr. [sic] Nancy Romero with an U Visa … because it was promised by Agent Melvin Howard and my Defense Counsel Mr. Latisha Colvin and Mr. Carlos A. Williams[,]" as "[t]hese Visas were promised to Mr. Arbodela and Ms. Romero before Mr. Arbodela accepted a guilty plea without knowing the government and his Defense Counsel failed to put this in the plea contract…" (Doc. 100 at 3).

## II.    <u>Section 2255 Motion</u>

It is unclear from the motion what aspects of the criminal judgment against him in this action Garcia is challenging, as the allegations largely seem to concern what occurred in SD ALA Criminal Action No. 1:10-cr-179-CG-N-1.  None of his allegations appear to challenge his judgment on revocation of supervised release, and any assertion that his counsel was ineffective in his revocation proceedings is affirmatively contradicted by the record, which indicates that Garcia waived his right to a hearing and unconditionally admitted to the allegations against him in the petition for revocation, both verbally and in writing (*see* Doc. 98 [Waiver of Final Revocation Hearing]; SD ALA Criminal Action No. 1:10-cr-179-CG-N-1, Doc. 141 at

13 – 16 [Revocation Sentencing Trans.]).[3]  Thus, to the extent the present motion challenges his judgment on revocation, it is due to be **DENIED**.

To the extent his motion challenges the underlying conviction and/or sentence in the above-styled criminal action, this Court is without jurisdiction to hear it.

The Eleventh Circuit has held that

a defendant, facing re-incarceration upon the revocation of supervised release, may not sidestep Section 2255 and challenge the validity of his original sentence during the revocation proceedings. *United States v. Almand,* 992 F.2d 316, 317–18 (11th Cir. 1993); *see also United States v. White,* 416 F.3d 1313, 1316 (11th Cir. 2005) (holding that a prisoner may not challenge, "for the first time on appeal from the revocation of supervised release," his underlying sentence and instead must bring a Section 2255 motion to vacate). "A sentence is presumed valid until vacated under § 2255." *Almand,* 992 F.2d at 317.

*United States v. Nicolas,* 490 F. App'x 300, 303 (11th Cir. Sept. 24, 2012) (per curiam) (unpublished).  However, Garcia has previously filed an attack on his underlying conviction and sentence under § 2255.  That motion was denied on the merits, and "allowing him to raise his claim in the revocation context would allow him to circumvent the statutory restrictions on filing a successive § 2255 motion. *See* 28 U.S.C. § 2255(h)." *United States v. El-Amin,* 343 F. App'x 488, 492 n.3 (11th Cir. Aug. 28, 2009) (per curiam) (unpublished).

---

[3] Moreover, a challenge to his judgment on revocation under § 2255 would be time-barred under the one-year statute of limitation for such a motion.  *See* 28 U.S.C. § 2255(f).  The judgment on revocation was entered December 27, 2011.  (Doc. 99).  Garcia took no direct appeal of that judgment, and the present motion was filed over four years later.

Section 2255 motions filed after April 24, 1996, are governed by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 *et seq.* ("AEDPA").  *See, e.g., San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).

> AEDPA dramatically limits successive attempts at habeas relief. If a § 2255 motion is deemed "successive," a court may consider it only if it complies with that section's gatekeeping provision, which provides:
>
>> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>>
>>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>>
>>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255(h).

*Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011).  *See also Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("Only a single § 2255 motion is authorized and successive attempts at relief are limited…If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion.  28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h).").  "[S]econd or successive status … attaches to a judgment on the merits."  *Boyd*, 754 F.3d at 1302.

To the extent the present motion is construed as an attack on Garcia's underlying conviction and sentence, that means he will have "twice brought claims

contesting the same custody imposed by the same judgment of [this C]ourt. As a result, under AEDPA, he [i]s required to receive authorization from the Court of Appeals before filing his second challenge." *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam).[4] "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (citing *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). *See also Burton*, 549 U.S. at 153 ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.").

Because Garcia has not obtained authorization from the Court of Appeals for the Eleventh Circuit to bring the present motion, to the extent it is a § 2255 motion challenging his underlying conviction and sentence, this Court lacks jurisdiction to consider it and must therefore **DISMISS**.

### III.   Enforce Plea Agreement

Garcia acknowledges that the alleged promise to grant him and Romero visas is not included in his plea agreement, and a review of the written plea agreement confirms this fact (*See* Doc. 39 *SEALED*).  The written plea agreement also makes clear that it "is the complete statement of the agreement between Garcia and the

---

[4] *Burton* dealt with a state prisoner's second or successive habeas corpus petition under 28 U.S.C. § 2254.  However, "[b]ecause of the similarities between the provisions governing second or successive petitions under § 2254 and second or successive motions under § 2255, precedent interpreting one of these parallel restrictions is instructive for interpreting its counterpart." *Stewart*, 646 F.3d at 860 n.6.

United States and may not be altered unless done so in writing and signed by all parties." (*Id.* at 10). The written plea agreement is signed by Garcia, representing that he has "read this Plea Agreement and carefully reviewed it with [his] attorney." (*Id.* at 11). Additionally, under oath at his guilty plea colloquy, Garcia testified that he had read, understood, and signed the written plea agreement, that he had discussed it with his attorney, and that no one had threatened, forced, or promised him anything in return for his plea of guilty. (Doc. 74-1 [Guilty Plea Hearing Trans.]). Finally, in his revocation of supervised release proceedings, Garcia waived his right to a hearing and unconditionally admitted to the allegations against him in the petition for revocation (*see* Doc. 98 [Waiver of Final Revocation Hearing]; SD ALA Criminal Action No. 1:10-cr-179-CG-N-1, Doc. 141 at 13 – 16 [Revocation Sentencing Trans.]).

Because " '[s]olemn declarations in open court carry a strong presumption of verity.' *Blackledge*[ *v. Allison*], 431 U.S. [63,] 74, 97 S. Ct. 1621[ (1977),]" when a defendant "ma[k]e[s] statements under oath at a plea colloquy, 'he bears a heavy burden to show his statements were false.' *United States v. Rogers,* 848 F.2d 166, 168 (11th Cir. 1988) (per curiam)." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014). *Accord, e.g.*, *United States v. Gonzalez–Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) ("While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true."); *United States v. Cardenas*, 230 F. App'x 933, 935 (11th Cir. 2007) (unpublished) ("We apply a 'strong presumption' that statements made by a defendant during his

plea colloquy are true, *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994); therefore, 'when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.' *United States v. Rogers,* 848 F.2d 166, 168 (11th Cir. 1988).").  Garcia has made no effort to explain why his sworn testimony at his guilty plea colloquy or revocation sentencing is false.  Thus, his claims that he was induced to plead guilty or admit to revocation by promises from the Government that were not included in the written plea agreement ring hollow.

Even assuming that the Government did make verbal promises that Garcia and Romero would be granted visas and not be deported, those promises are unenforceable.  "[T]o enforce a promise made during plea negotiations, there must have been a valid, binding agreement in the first instance upon which the defendant relied in deciding to forego his constitutional rights and plead guilty.  For an agreement to be valid and binding, the agent must possess actual authority to make the promise—either express authority or authority implied in or incidental to a grant of express authority." *San Pedro v. United States*, 79 F.3d 1065, 1068 (11th Cir. 1996).  "Congress placed the responsibility of enforcing the [Immigration and Nationality Act in the hands of the attorney general…" *Id.* at 1070.  Thus, "the power to promise a criminal defendant during plea negotiations that he will not be deported is vested in the attorney general.  For the United States attorney to promise a criminal defendant non-deportation, therefore, the attorney general must have delegated the power to him." *Id.*  The law of this Circuit is clear that the

Attorney General has not done so generally, *see id.* at 1069-72, and nothing in the record indicates that the Attorney General delegated such power in this case specifically.  *See id.* at 1071 ("Absent a clear, explicit delegation of authority to U.S. Attorneys and AUSAs of the authority to promise non-deportation to criminal defendants, officials at the INS may initiate deportation proceedings against a particular defendant without considering whether an AUSA or U.S. Attorney has promised the defendant non-deportation as part of a plea agreement.").  Indeed, Garcia's written plea agreement expressly states that it is "limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities."  (Doc. 39 at 9).

Accordingly, Garcia's motion to enforce his plea agreement (Doc. 100) is due to be **DENIED**.[5]

### IV.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED** for Garcia's § 2255 motion, *see supra.* 18 U.S.C. foll. § 2255, Rule 11(a) ("The district

---

[5] Garcia has also requested that the Attorney General and the Department of Justice investigate and hold a hearing on the immigration matters he has raised.  To the extent he is requesting that this Court direct the Attorney General to act, even assuming that this Court has such authority, Garcia has not demonstrated that the exercise of such authority is warranted.  Moreover, this Court does not "have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses, including conspiracy to violate laws relating to controlled substances, of which Arbodela was convicted in this action.  8 U.S.C. § 1252(a)(2)(C).  *See also Resendiz-Alcaraz v. U.S. Atty. Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004) ("It is well-established that [8 U.S.C. § 1252(a)(2)(C)] strips us of jurisdiction to review a final order of removal of (1) an alien (2) who is removable (3) because he committed a criminal offense enumerated in the statute." (quotation omitted)).  Accordingly, to the extent Garcia requests that this Court intervene in his immigration/removal proceedings, the undersigned **RECOMMENDS** that such relief be **DENIED**.

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

"A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).  The undersigned finds that reasonable jurists could not debate whether Garcia's § 2255 motion to vacate should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further.  Insofar as the undersigned has recommended dismissal of the § 2255 motion as successive, the undersigned also finds that jurists of reason would not find such a procedural ruling debatable.  Accordingly, Garcia is not entitled to a Certificate of Appealability on any part of his § 2255 motion.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011);[6] *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

---

[6] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011.  (*See* Doc. 14 in CA-11-0165-WS-C.)

## V.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C.A. § 1915(a)(3).   "A petitioner demonstrates good faith when he or she seeks appellate review of any issue that is not frivolous."  *Bethel v. Baldwin Cnty. Bd. of Educ.*, No. CA 06-0223-KD-C, 2008 WL 4628388, at *1 (S.D. Ala. Oct. 16, 2008) (citing *Coppedge v. United States*, 369 U.S. 438 (1962), and other cases).

> When deciding whether an appeal is frivolous, the district court first determines whether there is a "factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir.1991) (quoting *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976)). The Supreme Court itself has indicated that a claim is frivolous if the factual contentions supporting it are clearly baseless, or if it relies on an indisputably meritless legal theory. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

*Id.* at *2.  *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous').  An appeal filed

13

*in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).").

Having considered the matters raised by Garcia, the undersigned **RECOMMENDS** the Court certify that any appeal by Garcia of this matter would be without merit and therefore not taken in good faith and, accordingly, find that he is not entitled to appeal *in forma pauperis*.

## VI.   Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Garcia's March 3, 2015 motion (Doc. 100) be **DISMISSED without prejudice** for lack of jurisdiction to the extent it is a § 2255 motion challenging his underlying conviction and sentence in the above-styled criminal action, and that it be otherwise **DENIED**.[7]

---

[7] Garcia has cited 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned[,]" or in certain other circumstances.  Arbodela asserts that "Judge comments and apparent stance as to Mr. Arbodela seems improper and clearly the appearance of improper behavior is exhibited."   (Doc. 100 at 6).   The undersigned finds no reason to disqualify herself from these proceedings under § 455 and **DENIES** Garcia's request for same.  *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (per curiam) ("Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality. Furthermore, the general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources." (citation and quotations omitted)).   To the extent Garcia requests recusal under § 455 of the District Judge assigned to this case, the undersigned leaves that decision to the District Judge.

It is further **RECOMMENDED** that Garcia be found not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal.[8]

## VII.   <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

---

[8] In light of the issuance of this Report and Recommendation, the undersigned **RECOMMENDS** that Garcia's "Motion Letter for Disposition" addressed to the District Judge (Doc. 102) be **DENIED as moot**.

**DONE** this the 26th day of August 2015.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**